```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

JOSEPH TERRY,

                         Plaintiff,             10 Civ. 6197

     -against-                                   OPINION

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, NEW YORK CITY HEALTH
AUTHORITY, NEW YORK CITY DEPARTMENT
OF HEALTH, and THE HEALTH AND HOSPITAL
CORPORATION

                         Defendants.

-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/12

A P P E A R A N C E S:

   Pro Se

   JOSEPH TERRY
   10A3784
   Sullivan Correctional Facility
   P.O. Box 116
   Fallsburg, NY  12733

   Attorneys for Defendants

   MICHAEL A. CARDOZO
   Corporation Counsel of the City of New York
   100 Church Street, Rm. 2-173
   New York, NY  10007
   By:  Abigail Goldenberg, Esq.
        Jaime Orloff, Esq.

**Sweet, D. J.**

Defendants the New York City Department of Corrections ("DOC"), the New York City Department of Health ("DOH"), and the New York City Health and Hospitals Corporation ("HHC") (collectively, "City Defendants") have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint of plaintiff pro se Joseph Terry ("Terry," or the "Plaintiff") pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with the dental care provided to him while an inmate at the George Motchan Detention Center ("GMDC") on Rikers Island. Based on the facts and conclusions set forth below, the motion of the City Defendants is granted, and the complaint is dismissed without prejudice with leave granted to replead within 60 days.

**Prior Proceedings**

Terry filed his complaint alleging medical malpractice and deliberate indifference on August 18, 2010, having applied for in forma pauperis relief. The instant motion was marked fully submitted on October 5, 2011.

**The Applicable Standard**

1

In considering a motion to dismiss a complaint, a reviewing court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002) (citing Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994)). In order to survive a motion to dismiss, a complaint must contain more than mere labels and conclusions and must state sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Pro se complaints are to be "liberally construed" and are held "to less stringent standards" than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Boddie v. Schneider, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, dismissal of a pro se complaint is still appropriate where the plaintiff fails to allege facts supporting his claim to relief. Rodriguez v. Wepin, 116 F.3d 62, 65 (2d Cir. 1997).

**The DOC and DOH Are Improper Parties**

Pursuant to § 396 of the New York City Charter, all legal actions against the City must be brought in the name of the City of New York, and not in that of any city agency. See New York City Charter § 396. By naming a City agency as a defendant in the instant case, Terry has failed to comply with the provisions of § 396 and, accordingly, the case against DOC and DOH must be dismissed. See, e.g., Emerson v. City of New York, No. 09 Civ. 1656(VM), 740 F. Supp. 2d 385, 395-96 (S.D.N.Y. 2010) ("[T]he City is generally the proper defendant when a plaintiff seeks to bring an action pursuant to the official acts and/or inaction of an agency of the City. . . . As a result, the Court finds that ACS, the NYPD Firearms Division, and the NYPD 46th Precinct, as agencies of the City, are not suable entities and thus dismisses [the plaintiff's] claims against them."); Renelique v. Doe, No. 99 Civ. 10425, 2003 WL 23023771, at *6 (S.D.N.Y. Dec. 29, 2003) (finding that an "overwhelming body of authority holds that Department of Corrections is not a suable entity"); Ghosh v. N.Y. City Dep't of Health, 413 F. Supp. 2d 322, 338 (S.D.N.Y. 2006); E. Coast Novelty Co., Inc. v. City of N.Y., 781 F. Supp. 999, 1010 (S.D.N.Y. 1992).

3

## The Complaint Fails To State A Claim Against HHC

HHC is a public benefit corporation formed under the laws of the State of New York. Where a plaintiff does not allege how a particular defendant was personally involved in any of the actions or inactions that led to the alleged deprivations of the plaintiff's constitutional or federal rights, dismissal as to that defendant is appropriate. See, e.g., Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987); Montgomery v. City of N.Y., No. 09 Civ. 6145(RJH), 2010 WL 3563069, at *2 (S.D.N.Y. Sept. 7, 2010); McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in record to that defendant should be granted. ") (citations omitted).

The general allegations in the complaint about the alleged denial of dental treatment provide no information to allow the Court to "infer more than the mere possibility of misconduct" from these defendants. Iqbal, 129 S. Ct. at 1950. The complaint does not allege how HHC was involved in the alleged failure to provide adequate care to the Plaintiff, nor

4

does it allege the existence of any HHC policy or practice that caused the Plaintiff's alleged injuries. The complaint has failed to allege facts sufficient to sustain a claim against HHC, and the claim against HHC is dismissed.

### The Complaint Is Dismissed For Failure To Disclose Income

The ability to proceed in forma pauperis ("IFP") is a "privilege provided for the benefit of indigent persons." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. Aug. 2, 2004). To discourage abuse of this privilege, the statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A); accord Pitt v. Maribel, et al., No. 10 Civ. 2400, Dkt. No. 18 (S.D.N.Y. May 31, 2011); Vann v. N.Y. City Comm'r of Corr., No. 10 Civ. 4601, Dkt. No. 23 (S.D.N.Y. Apr. 6, 2011); McIntosh v. Dep. Canty, No. 10 Civ. 7766, Dkt. No. 11 (S.D.N.Y. Apr. 14, 2011). In those cases, the Court dismissed the complaints with prejudice due to plaintiffs' respective failures to disclose, in sworn declarations submitted in support of their applications for IFP, funds they had received. "Dismissal with prejudice is appropriate when an applicant misrepresents h[is]

5

financial arrangements in bad faith to obtain IFP status." Cuoco, 328 F. Supp. 2d at 468.

Plaintiff here submitted multiple declarations in which he represented that the only money he received for the past twelve months, aside from employment income, was small amounts ranging from $20.00 to $150.00. See Terry v. New York City Department of Corrections, et al., No. 10 Civ. 6197, Decl. in Support of Request to Proceed in Forma Pauperis, Dkt. Nos. 1, 5, 29. However, in the twelve month period between July 13, 2009 and July 13, 2010, Plaintiff received $1,009.00 in electronic third party money transfers into his personal account at Rikers Island. On the sworn statement Plaintiff is warned that "I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration." See Terry v. N.Y. City Dep't of Corr., No. 10 Civ. 6197, Decl. in Support of Request to Proceed in Forma Pauperis, Dkt. No. 1. While Terry has stated, apparently correctly, that he never had sufficient funds to pay the filing fee, his statement concerning his source of funds has been shown to be false. His complaint is therefore dismissible. However, given his pro se status, the dismissal is without prejudice.

Based on the facts and conclusions set forth above, the complaint is dismissed without prejudice.

It is so ordered.

New York, NY
~~February~~ March 1, 2012

_____
ROBERT W. SWEET

7